13314

GARDINER v. PALLES

(161 S. E., 776)

*Messrs. C. W. Muldrow* and *Samuel Want,* for appellant,

*Mr. Preston B. Thames,* for respondent,

January 4, 1932.

The opinion of the Court was delievered by MR. CHIEF JUSTICE BONHAM.

This is an action to recover of the defendant the balance due on an alleged subscription to the capital stock of Les Heures de Joie, a corporation organized to promote an amusement plant. Despite its enticing name, the enterprise went to pot and landed in the bankrupt Court. The plaintiff is the duly elected trustee of the bankrupt. In that capacity he sues in the Civil Court of Florence County, to recover of the defendant the sum of $75 which, he alleges, is the balance due on defendant's subscription for one share of the capital stock of the corporation. The defendant, for answer, sets up: (1) A general denial. (2) That he did not subscribe to the stock of the corporation but made to the promoter of the enterprise a donation of $25 to aid him in it. That at the request of the solicitor for stock he signed his name on a blank sheet of paper in order that it might be exhibited to others as an inducement to them to subscribe for stock. (3) That when he was threatened with suit upon the alleged stock subscription it was proposed on behalf of plaintiff that if defendant would pay $15 it would be accepted

in settlement of the claim; that defendant made the payment, which was accepted.

The case went to trial upon these issues before Judge Sharkey and a jury. The testimony covered a wide range, and the motions and argument thereabout took a range equally as wide. Of his own motion his Honor directed a verdict for the defendant.

The plaintiff appeals upon three exceptions. Nos. 1 and 2 are abondoned. No. 3 is as follows: "The trial Judge erred it is respectfully submitted in directing a verdict in favor of defendant and against the plaintiff, the error being that upon the pleadings and the testimony the plaintiff was entitled to have the case submitted to a jury on the issues of fact made by the pleadings."

This exception must be sustained. The cardinal issues of fact were: Did the defendant subscribe to the capital stock of the corporation? Did he pay $15 in settlement of the claim against him, and was it accepted? There was decidedly contradictory testimony about these issues. It does not need to cite authorities in support of the established canon of this Court that, if there is any competent testimony relevant to the issues, the case must be submitted to the jury.

The judgment of the Court below is reversed, and the case remanded for trial.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter concur.

Mr. Justice Cothran did not participate on account of illness.